### New Haven Steam Saw-Mill Co. *v.* Security Ins. Co.

*(District Court, D. Connecticut.* June 25, 1881.)

1. MARINE POLICY—"ATLANTIC COAST"—CONSTRUCTION.

A marine policy of insurance was issued on a vessel "to be employed in the coasting trade on the United States Atlantic coast; permitted to use gulf ports not west of New Orleans," in which the assured warranted not to use ports and places in Texas, except Galveston, nor foreign ports and places in the Gulf of Mexico. The vessel was lost in the Gulf of Mexico, west of New Orleans, while on a voyage from Maine to Morgan City, Louisiana, a place west of New Orleans. *Held:*

(1) That the meaning of the policy was that the vessel was to be employed on the United States Atlantic coast, which was the coast of the Atlantic ocean, and not the Gulf of Mexico.

(2) That the permission to use gulf ports not west of New Orleans, did not extend the coasting trade through the gulf, and the vessel was, therefore, upon a voyage not permitted by the terms of the policy, and the assured could not recover.

*Louis H. Bristol* and *Henry Stoddard,* for plaintiff.

*John W. Alling,* for defendant.

SHIPMAN, D. J.    This is an action upon a policy of marine insurance. The agreed statement of facts shows that the only question in the case is whether the wrecked vessel was

upon a voyage not permitted by the terms of the policy. In the printed part of the policy, the assured warranted that it would not use (among numerous other specified ports and places) ports and places in Texas, except Galveston, nor foreign ports and places in the Gulf of Mexico. By the written memorandum on the margin, the vessel was to be employed in the coasting trade on the United States Atlantic coast, and was permitted to use gulf ports not west of New Orleans. The vessel was lost in the gulf of Mexico, west of New Orleans, not far from Morgan City, in Louisiana, while on her voyage to that place from Maine. Morgan City is west of New Orleans. It is hardly denied that the written part of the policy contains the substance of the contract in regard to the voyages, the perils of which were insured against.

The plaintiff insists that coasting trade on the United States Atlantic coast means trade from Maine to Texas, and that the permission to use ports in the Gulf of Mexico meant a permission to use foreign ports; and that if the vessel was prohibited from using any gulf ports west of New Orleans she was not using such port at the time of her injury, and although she might have been intending to use a prohibited port, such intent does not avoid the policy. *Snow* v. *Columbia Ins. Co.* 48 N. Y. 624. It may be admitted that if the vessel was permitted to be employed in the coasting trade between Maine and Texas, the implied refusal to use ports not west of New Orleans would not affect the present case, because at the time of the loss she had not used and was not using such a port.

The defendant insists that the vessel was to be employed ordinarily on the United States Atlantic coast between Maine and Florida, with a permit to use gulf ports not west of New Orleans, and that in any event her voyages were limited to points on the Atlantic coat, and in the gulf not west of New Orleans.

The language of the policy is: "To be employed in the coasting trade on the United States Atlantic coast; permitted to use gulf ports not west of New Orleans." If the coasting

trade was through the Gulf of Mexico, what necessity was there for the permission to use gulf ports? It might be natural to exclude dangerous ports, but if the vessel was authorized to coast through the gulf, the permission to use ports is unnecessary. Again, if the coasting trade upon the United States Atlantic coast necessarily implies voyages through the gulf, why was the permit given to use any ports not west of New Orleans, when these United States gulf ports had never been excluded in the printed part of the policy? The fact that the vessel is to be a coaster on the United States Atlantic coast, coupled with a permit to use certain ports in the gulf, indicates that without the permit the vessel could not go into the gulf. The permit apparently enlarges the previous limitation, especially as domestic ports not west of New Orleans had never been excluded. The meaning of the written memorandum was that the vessel was to be employed on the United States Atlantic coast, which was the coast of the Atlantic ocean, and not of the Gulf of Mexico; but that, if necessity or occasion required, she was to be permitted to go into the Gulf of Mexico and use the ports not west of New Orleans, but not that her coasting trade was thereby to be extended through the gulf. When she was engaged in transporting a cargo from Maine to Morgan City, she was not in the Atlantic coasting trade, but upon a voyage outside of the terms of the contract.

Let judgment be entered for the defendant.